STOKER, Judge.
This case was consolidated for trial with James Burrow, Et Al v. Commercial Union Assurance Companies, Et Al 419 So.2d 479 (La.App. 3rd Cir. 1982), our docket number 82-89, in which we render a separate opinion on this date.
In this subrogation suit State Farm Mutual Automobile Insurance Company seeks recovery of the sum of $1,800 paid to James Burrow for damages to his car and $3,259.21 which it paid to James Burrow and Douglas W. Smith for the medical damages to the occupants therein. State Farm’s suit was asserted against the City of Lake Charles and American Employers Insurance Company, erroneously styled as Commercial Union Insurance Companies in State Farm’s petition. For the reasons stated in Burrow v. Commercial Union Assurance Companies, supra, State Farm has a right to recover the sum of $1,259.21 paid by State Farm as the amount of medical expenses resulting from injury to Karen Smith. The record contains an express stipulation both as to the recovery amount and State Farm’s right to recover under subro-gation. Tr. 411 and 412.
We note in State Farm’s subrogation petition that State Farm alleges that it paid James Burrow $1,800 under its policy covering collision damages to Burrow’s automobile and that it paid $3,259.21 under the medical pay provisions to cover the medical expenses of the occupants of Burrow’s automobile. State Farm attached copies of sub-rogation receipts to that petition containing subrogation agreements. James Burrow signed one for medical payments of $2,000 and Douglas W. Smith signed one for $1,259.21. These total $3,259.21. James Burrow also signed a subrogation receipt and agreement for $1,800 for collision damage. We are unable to find in the record any indication that the originals or copies of the subrogation receipts and agreements were introduced in evidence and we cannot consider them. Also we do not find that State Farm introduced in evidence its policy of automobile insurance issued in favor of James Burrow.
*490 All parties agreed to a stipulation that the property damage to James Burrow’s automobile amounted to $1,900. Tr. 378. There was no stipulation as to any subrogation rights in favor of State Farm for any portion of $1,900 as there was with reference to State Farm’s right to recover the medical expenses incurred on behalf of Karen Smith.
For the reasons stated above, the judgment of the trial court rejecting the demands of State Farm Mutual Automobile Insurance Company in this matter is reversed and set aside.
It is now therefore ordered, adjudged and decreed that there be judgment herein in favor of State Farm Mutual Automobile Insurance Company against American Employers Insurance Company in the full sum of $1,259.29 together with legal interest from the date of judgment demand until paid and for all costs of these proceedings.
The costs of the proceedings in this case and in this appeal are assessed one-half to American Employers Insurance Company and one-half to the City of Lake Charles.
REVERSED AND RENDERED.